OCTOBER AND NOVEMBER TERM, 1881, No. 34.

# Adams *versus* Mortland.

1. The proper remedy for a defendant who has been discharged in bankruptcy since the entry of judgment against him is to move to have the judgment opened.

2. It is only where it appears that a judgment has been paid that the Court has power, under the act of March 14th, 1876, to order it to be marked " satisfied."

ERROR to the Court of Common Pleas of *Butler County*.

*Sur* rule to show cause why a rule to show cause why a judgment should not be marked " satisfied " as to E. H. Adams, one of the defendants, should not be reinstated.

The facts as found by the Court below were as follows:

On the 8th of January, 1879, a judgment was entered in favor of James L. Mortland and against E. H. Adams and W. D. Renick, on warrant of attorney contained in a bond, dated the 12th of April, 1868, and calling for two hundred and sixteen dollars, payable twelve months after date.   On April 1st, 1879, a *fi. fa.* was issued on this judgment and placed in the hands of the sheriff, who, on the 22d of May, 1879, levied on personal property of W. D. Renick, one of the defendants.   On the 28th of May, 1879, W. D. Renick presented his petition to Court, setting forth that he was but bail of E. H. Adams on the note on which judgment had been entered, and *fi. fa.* issued and levy of his personal property made; that the plaintiff (Mortland), at or about the maturity of the note, on the 12th of April, 1869, agreed with E. H. Adams, the principal in the note, to extend the time of payment thereof for one year, and that afterwards the said plaintiff informed him of said agreement and extension, and inquired whether he would still be bound, which he refused, and so notified plaintiff, and desired him to proceed to collect the same from the principal, who was then, and years afterwards, entirely solvent ; that this said plaintiff neglected and refused to do, and did not proceed to collect the said note until more than ten years had elapsed from the time said

[Adams v. Mortland.]

note fell due, and praying the Court to open the payment as to him and allow him to defend.

On the same day a rule to show cause was granted and all proceedings on *fi. fa.* stayed. To this rule plaintiff appeared and filed an answer thereto on the 21st of June, 1879, denying that he had extended the time of payment of the note to E. H. Adams for three years or for any other time, and also denying that said W. D. Renick had ever notified him to proceed to collect the same after it fell due or he would not be responsible. No testimony was taken to sustain the allegation set forth in the petition or answer, and the rule being regularly on the argument list and called for argument, and not being supported by proof of the facts set forth in the petition, and no sufficient cause appearing to excuse the negligence or justify continuance or further delay, was discharged by the Court.

On the 28th of April, 1879, E. H. Adams presented his petition, to wit, setting forth that judgment had been entered against him by James L. Mortland on the note dated 12th of April, 1868, in which W. D. Renick was bail, and a *fi. fa.* issued thereon; that he, on the 10th day of April, 1870, filed his petition in the United States Court for the Western District of Pennsylvania, for the benefit of the Bankrupt Act, and was duly discharged as a bankrupt on the 20th of February, 1871, and praying a rule to show cause why the judgment should not be marked " satisfied " so far as he was concerned, and that all proceedings against him thereof be stayed. On this petition a rule to show cause was granted as prayed for, on same day, returnable on the third Monday of May following, and all proceedings in the meantime stayed. To this rule plaintiff appeared, and on the 15th of May filed an answer thereto, stating that he did not know, except by report, that the defendant, E. H. Adams, had been discharged as a bankrupt, and called upon him to prove his discharge; and further, the said E. H. Adams had promised him, after the time it was alleged he became a discharged bankrupt, to pay him the amount of said note as soon as able to do so, and that he was then abundantly able to pay it. No steps being taken by either party to prove or sustain the allegations set forth in the petition or answer thereto, and the same being regularly on the argument list and called for argument, and no sufficient cause appearing for the negligence in preparing the proof to support the rule, or cause shown for further delay, it was, on the 21st of February, 1880, discharged by the Court.

Plaintiff then, on the 28th of February, 1880, discontinued levy of the goods of W. D. Renick, and on same day had an

[Adams *v.* Mortland.]

*alias fi. fa.* issued on the judgment and put in the hands of the sheriff, who, on the 15th of April, 1880, levied on the personal property of defendant, E. H. Adams.

On the 5th of May, 1880, defendant, E. H. Adams, again presented his petition to the Court, setting forth that this judgment was entered against him after his discharge in bankruptcy ; that on the 28th of April, 1879, he had presented his petition to Court, asking that this judgment be set aside or satisfied as to him, and that a rule was granted which it was his desire to follow up ; that he knew nothing further in regard to it until about the 1st of March, when he was directed to have his discharge filed, which he did, and also filed a counter-affidavit, but has since learned that the rule had been before that time discharged, and praying that the rule be reinstated and the case disposed of on its merits, otherwise great injustice would be done him. On petition same day rule was granted to show cause why the former rule which was discharged should not be reinstated, and all proceedings on the judgment in the meantime be stayed.

Upon this state of facts the Court held :

" This is the rule now before the Court, and which has been fully argued. At or about the time of the argument thereof, on the 18th of September, 1880, E. H. Adams presented a petition to the Court, praying that satisfaction be entered on said judgment, on the ground that it was satisfied by his discharge in bankruptcy ; and this petition is also before the Court and under consideration with the rule above stated.

" On due consideration we have concluded to discharge the rule to show cause why the former rule which was discharged should not be reinstated, and to refuse a rule on the petition of the 18th of September, 1880. The prayer of this petition of the 18th of September, 1880, is the same as the prayer of the petition of the 28th of April, 1879, on which the rule was granted and afterwards discharged by the Court. All these petitions set forth the same facts,—the discharge of E. H. Adams as a bankrupt as the grounds for having the judgment opened and satisfied as to him. The whole case was presented in his first petition, a rule was granted him and full opportunity for a hearing thereon given him. He had his day in Court, and failing or neglecting to sustain the rule it was discharged. He failed to show sufficient or satisfactory reason for his negligence, or why the rule should be reinstated or a new rule granted. That he intended to follow up his rule is no reason for granting him a rehearing or a new rule, when he failed to

[Adams v. Mortland.]

follow it up and showed no reason for failure but neglect. He has not satisfied us that he will suffer, as he says, great injustice unless he is granted a rehearing and has the case disposed of upon its merits. The merits of the case will never be known. Since all the parties had their day in Court, when the merits of the case might have been shown on the one side or the other, the plaintiff has died, and his testimony sustaining his printed affidavit in his answer to the defendant's petition, that E. H. Adams had promised and agreed to pay the note after the discharge as bankrupt, is lost. E. H. Adams, in his affidavit, swears he never made such promise. Who is now to decide this disputed fact? If Mortland's affidavit is true, Adams would not suffer great injustice in being refused a rehearing. If Mortland's oath is false, then Adams might suffer in having to pay the debt. But who can now say which affidavit is true and which is false? Until this can be said it cannot be urged that injustice will be done Adams by refusing him a rehearing. W. D. Renick is now incompetent to prove the facts contained in his petition as to the contract between plaintiff and co-defendant, by which he alleged he could have made a successful defence. Plaintiff answers under oath, 'denying' all the allegations of the petition, and which is true and which is false will now never be known. To give defendant Adams another day in Court, under all these circumstances of the case, might result in greater injustice to plaintiff's estate and to the bail in the bond than it would to have him pay the judgment.

" Mitchell on Motions and Rules, pages 32 and 33, says : 'A second rule, after the discharge of one of the same kind, is not allowed, unless in very exceptional cases, and when applied for the fact of the discharge of a previous rule of the same kind should always be mentioned and the special reason for asking a second rule set forth. In default of this the rule will be discharged without consideration of the merits.' Mitchell v. Pierce, 1 W. N., 156 : ' When rules have been discharged through unavoidable failure of counsel to be present, or when through misunderstanding the Court has been erroneously informed that the rule was abandoned, or when the situation of the parties has so changed as to show on the present state of facts a new and strong *prima facie* case or claim to the relief sought, a second rule is sometimes granted. But only in exceptional and very clear cases, when counsel find at the hearing that through some defect which they believe remediable they cannot at present succeed, they should ask leave of the Court to have the rule

[Adams v. Mortland.]

continued or to withdraw it. A rule thus withdrawn is not a bar to a second rule of the same kind.'

"It has been held that the Court will not grant a new trial to enable a defendant to plead the statute of limitation, which he neglected to plead on the trial. For the reason that the debt, being just and unpaid in fact, there is but little equity in applying the statute. There is analogy here. The judgment of plaintiff is just and unpaid in fact. Defendants have both had their day in Court, and full time and opportunity to make their defence to the payment of an admitted, just, and unpaid debt. This they both neglected or declined to do. Why should they have a new trial now, after time and death have made such great changes in the surroundings of the case and the legal status of the parties? We therefore discharge the rule, and refuse the prayer of the petitioner for a new rule in the case of similar import and purpose."

The defendant, Adams, then took a writ of error, assigning as error the above ruling.

*Charles McCandless* for plaintiff in error.

The discharge in bankruptcy is equivalent to payment of the debt and discharge from payment by the debtor: Ott *v.* Perry, 1 Phila., 77; Field's Estate, 2 Rawle, 351; Baker *v.* Wheaton, 5 Mass., 509.

After a discharge an action can only be sustained on a new promise, which must be declared on: Reeside *v.* Hadden, 12 Penna. State, 243; Maxim *v.* Morse, 8 Mass., 127.

The judgment-note was extinguished, and all powers under it were ended.

*George R. White* and *T. C. Campbell* for defendant in error.

The judgment was regularly entered. It was proper for the Court before it marked it satisfied to hear some evidence of the fact. Defendant failed to produce it. He did not prove the discharge. He has had his day in Court.

The reinstatement of a rule is a matter within the discretion of the Court: Thompson *v.* Barkley, 3 Casey, 263; Howser *v.* Commonwealth, 1 P. F. Smith, 332; McManus *v.* Commonwealth, 10 Norris, 57.

November 25, 1881.—Per Curiam: The proper remedy of the plaintiff in error was to have moved the Court below to open the judgment, upon which there would have been an appeal to this Court. It is only where it appears that a judgment has been paid that the Court has power under the act of 1876 to order it to be marked satisfied.

[Bailey *et al. v.* Niles.]

To the plea of discharge under the bankrupt law there might have been many answers. We find no error in the refusal of the Court below to grant the defendant's motion.

Judgment affirmed.